**FILED**

AUG 2 4 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ESTELLE BOWERS
9900 Grandhaven Avenue
Upper Marlboro, Maryland, 20772
   Pro Se
   301 780-6538
   PLAINTIFF

v.

CLIFFORD B. JANEY
   Superintendent,
   District of Columbia Public Schools,
   825 North Capitol Street
   Washington, DC, 20002,

and

DALE TALBERT
   Assistant Superintendent,

and

DONNIE RUTLEDGE
   Principal.

   DEFENDANT(S)

CASE #

Jury Trial Demanded

CASE NUMBER 1:05CV01683

JUDGE: Richard J. Leon

DECK TYPE: Employment Discrimination

DATE STAMP: 08/24/2005



## COMPLAINT

(Employment Discrimination and Retaliation)

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e - *et seq*.

1

2. The unlawful employment practices alleged in this complaint occurred in the District of Columbia, the Defendants are located in the District of Columbia and maintain Plaintiff's employment records in the District of Columbia.

3. Venue in District is proper pursuant to 28 U.S.C. § 1391 (e) and 42 U.S.C. § 2002e – *et seq.*

## PARTIES

4. Plaintiff, Estelle Bowers (hereinafter referred to as "Plaintiff" or "Bowers"), is an African American female and a citizen of the United States of America. She resides in the State of Maryland. Plaintiff is and at all time relevant to this Complaint was an employee of the District of Columbia Public Schools (hereinafter referred to as "Defendant"), which has its Headquarters in Washington, D.C.. At all times relevant to this complaint, Plaintiff was a teacher at Burrville Elementary School, 801 Division Avenue, NE, Washington, D.C..

5. Defendant is an agency of the District of Columbia which is headquartered in Washington, D.C.. Defendant provides elementary school, middle and upper school education to children of the District of Columbia. Clifford B. Janey, is the Superintendent and Dale Talbert is the Assistant Superintendent of the District of Columbia Public Schools. Defendant Donnie Rutledge is Principal at the Burrville Elementary School which is the Plaintiff's work site.

## ADMINISTRATIVE REMEDIES

6. Plaintiff timely initiated the Administrative Equal Employment Opportunity

Complaint process in October 2003 with the Defendant. Plaintiff subsequently timely filed a formal administrative complaint of sexual discrimination and complaint of retaliation. Plaintiff's Administrative Complaint has been pending for more than one-hundred and eighty days (180) days without a final decision by the agency.

7. On or about May 27, 2005, the Plaintiff satisfied all prerequisites to suit and received a "Dismissal and Notice of Rights" from the United States Employment Opportunity Commission. (See exhibit "A")

## FACTS

8. Plaintiff is a 39-year-old African-American female who resides in the United States and the State of Maryland.

9. Plaintiff has been employed by the Defendant since December, 1988 when she was hired as a substitute teacher. She was promoted to a full time teacher in 1989. Plaintiff's position has been located in the Burrville Elementary School since 1989. She is a permanent employee.

10. As a teacher Plaintiff plans, organizes, and provides instruction based on individual student needs for students in grades 1 through 6 and fosters learning so that the students can meet educational standards.

11. Beginning in 1989 and continuing until 2001 co-teacher and Defendant Rutledge made numerous unwanted sexual advances to Plaintiff and stalked her and other women. Plaintiff refused his advances and told him that his conduct was

inappropriate and illegal. His illegal conduct only ceased toward the Plaintiff when he was disciplined for sexual misconduct by management of the District of Columba Public Schools in 2001.

12. Approximately, September 2003, Rutledge became principle of Burrville Elementary School where he and the Plaintiff had worked together for the past several years.

13. Beginning in October, 2003, and continuing to the present time Rutledge has harassed the Plaintiff with constant verbal abuse, threats, fits of anger, unnecessary supervision, refusing to discipline threatening, disruptive, and violent students who are assigned to the Plaintiff's classroom, searching her desk, unauthorizedly recorded conversations, violated the confidentially of Plaintiff's personnel records, establishing rules which effect only the Plaintiff, failing to pay the Plaintiff for additional work and denying promotions or reassignment.

14. In addition, shortly after Rutledge was promoted, Plaintiff filed a grievance with Rutledge regarding his acting in conflict with the Union contract including interfering with lesson plans, treatment of teachers, working hours, and more. A hearing was scheduled to investigate the grievance but was subsequently cancelled without notice to the Plaintiff. As a result of Plaintiff exercising her Right to Free Speech, Plaintiff was harassed by the Defendant with verbal abuse, threats, fits of anger, unnecessary supervision, refusing to discipline threatening, disruptive, and violent students who are assigned to the Plaintiff's classroom, searching her desk, establishing rules which effect only the Plaintiff, failing to pay the Plaintiff for additional work and denying promotions or reassignment.

15. No other teacher at Burrville Elementary School is treated in this fashion, nor has been denied promotions or favorable assignments.

16. Less qualified teachers were selected by Rutledge for promotion or to fill positions requested by the Plaintiff.

17. As a direct and proximate result of the discrimination, and violations of the Plaintiff's 1st Amendment Right of Free Speech and the retaliation practiced by the Rutledge and the District of Columbia Public Schools, Plaintiff has suffered and continues to suffer lost earnings, distress, loss of self-esteem, damages to her reputation, embarrassment, humiliation, and loss of the enjoyment of life.

## COUNT I

### (Employment Discrimination on the Basis of Sex)

18. Plaintiff incorporates by reference all allegations contained in paragraph one through 17 above as if fully set forth, herein.

19. Defendant through its agent(s) and/or supervisor(s) engaged in a pattern of sex discrimination which violated Title VII of the Civil Rights Act of 1964, as amended, by failing and refusing to ensure that Principal Rutledge treated the Plaintiff fairly, and not on the basis of her sex or Rutledge's demands for sexual favors, for promotions and assignments.

20. Defendants' conduct as described above has caused Plaintiff to suffer loss of employment opportunities, lost pay, distress, loss of self esteem, damage to her reputation, embarrassment, humiliation, and loss of the enjoyments of life. These

harms justify an award in her favor and against the Defendant including compensatory damages and general damages in an amount determined by the jury, and reasonable attorney fees, costs and expenses.

## COUNT II

### (Sexual Harassment)

21. Plaintiff incorporates by reference all allegations contained in paragraph one through 20 above as if fully set forth, herein

22. The aforesaid acts of intentional quid pro quo sexual harassment, perpetrated by superintendents, supervisors, managers and/or employees of the District of Columbia Public Schools violated Plaintiff's rights as provided under the District of Columbia Human right Law and the United States Code.

23. As a consequence of the Defendants' conduct as described above has caused Plaintiff to suffer loss of employment opportunities, lost pay, distress, loss of self esteem, damage to her reputation, embarrassment, humiliation, and loss of the enjoyments of life. These harms justify an award in her favor and against the Defendant including compensatory damages and general damages in an amount determined by the jury.

## COUNT III

### (Hostile Work Environment)

24. Plaintiff incorporates by reference all allegations contained in paragraph one through 23 above as if fully set forth, herein

25. The sexually hostile work environment created by the sexual harassment of Defendant Rutledge during Plaintiff's employment at Defendants' District of Columbia Public Schools, and perpetuated by superintendents, supervisors, managers and/or employees of the District of Columbia Public Schools violated Plaintiff's rights as provided under the District of Columbia Human right Law and the United States Code.

26. As a consequence of the Defendants' conduct as described above has caused Plaintiff to suffer loss of employment opportunities, lost pay, distress, loss of self esteem, damage to her reputation, embarrassment, humiliation, and loss of the enjoyments of life. These harms justify an award in her favor and against the Defendant including compensatory damages and general damages in an amount determined by the jury.

## COUNT IV

### (Employment Discrimination - Retaliation)

27  Plaintiff incorporates by reference all allegations of paragraph 1 through 26, as if fully set forth, herein.

28. Defendant through its agent(s) and/or supervisor(s) violated Title VII of the Civil Rights Act of 1964, and 42 U.S.C. 1983 and the District of Columbia Human Right Code as amended, by creating, engaging in, tolerating, and encouraging retaliation for the Plaintiff's engaging in protected activity and protected speech.

29. Defendants' conduct as described above has caused Plaintiff to suffer loss of employment opportunities, loss of professional standing, lost pay, lost earning

potential, distress, loss of self esteem, damage to her reputation, embarrassment, humiliation, and loss of life's enjoyments, - justifying an award in her favor and against the Defendant including injunctive relief, damages in an amount determined by the jury, and reasonable attorney fees, costs and expenses.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court enters a judgement in her favor and against the Defendant, awarding the following relief to the Plaintiff:

A. Compensatory Damages and General Damages and Medical Expenses according to proof at trial;

B. A permanent injunction against Defendant's discriminatory and retaliatory conduct and practices;

C. Professional counseling and Human Relations training for Rutledge;

D. Back pay for summer and winter unpaid school programs;

E. Reasonable attorney fees pursuant to statute, costs and expenses; and,

F. Prejudgement interest on all amounts claimed; and,

G. Such other and further relief as the court deems appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

August 24, 2005,

Respectfully submitted

*Estelle Bowers*

ESTELLE BOWERS
9900 Grandhaven Avenue
Upper Marlboro, Maryland, 20772
   *Pro Se*

EEOC Form 161 (3/98)  **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To: Estelle Bowers  
9900 Grandhaven Avenue  
Upper Marlboro, MD 20772

From: Washington Field Office  
1801 L Street, N.W.  
Suite 100  
Washington, DC 20507

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 100-2004-00902 | Janet Stump, Acting Enforcement Supervisor | (202) 419-0700 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

☐ Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

☐ While reasonable efforts were made to locate you, we were not able to do so.

☐ You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

- **NOTICE OF SUIT RIGHTS** -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this Notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Dana R. Hutter

Dana Hutter,  
Acting Director

MAY 27 2005  
(Date Mailed)

Enclosure(s)

cc: Gerrie Mccottry  
EEO Officer  
D.C. PUBLIC SCHOOLS  
825 N. Capitol St., N.E.  
9th Floor  
Washington, DC 20002

05 1683

FILED

AUG 2 4 2005

NANCY MAYER WHITTINGTON, CLERK  
U.S. DISTRICT COURT


PLAINTIFF'S EXHIBIT A