UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ESTELLE BOWERS,**<br>        **Plaintiff,**<br><br>v.<br><br>**CLIFFORD B. JANEY,** *et al.,*<br>        **Defendants.** | **Civil Action No. 05-1683 RJL** |

## DEFENDANTS' MOTION TO DISMISS

Defendants, Clifford B. Janey, Superintendent of the D.C. Public Schools, Dale Talbert, Assistant Superintendent of the D.C. Public Schools and Donnie Rutledge, Principal of Burrville Elementary School, by and through the Office of the Attorney General for the District of Columbia, respectfully move this Court to dismiss the complaint pursuant to Fed. R. Civ. P. 12 (b)(5) and 12(b)(6).  A memorandum in support of this motion and a proposed Order are attached hereto.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

   /s/
NICOLE L. LYNCH [D.C. Bar #471953]
Section Chief, Civil Division, Section II

      /s/
URENTHEA McQUINN [D.C. Bar #182253]
Assistant Attorney General
441 4th Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-6646
(202) 727-0431 (Fax)
urenthea.mcquinn@dc.gov

December 14, 2005

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of December, 2005, I mailed by regular mail, first class postage prepaid, a copy of the foregoing documents to the following person:

**Estelle Bowers,** *pro se*
9900 Grandhaven Avenue
Upper Marlboro, MD 20772
(301) 780-6538

      /s/
**Urenthea McQuinn**
**Assistant Attorney General, D.C.**

2

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **ESTELLE BOWERS,**<br>            **Plaintiff,**<br><br>            v.<br><br>**CLIFFORD B. JANEY,** *et al.,*<br>            **Defendants.** | **Civil Action No. 05-1683 RJL** |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

**A. PRELIMINARY STATEMENT**

On August 24, 2005, plaintiff, Estelle Bowers, filed her Complaint against defendants, Clifford B. Janey, Superintendent of the D.C. Public Schools, Dale Talbert, Assistant Superintendent of the D.C. Public Schools and Donnie Rutledge, Principal of Burrville Elementary School. Plaintiff's complaint alleges employment discrimination, specifically sexual harassment and retaliation, under Title VII of the Civil Rights Act of 1964. (Complaint ¶¶ 1, 19, 22, 25 and 28.) Plaintiff claims that she was sexually harassed while employed at a D.C. public school by defendant Rutledge, who was the principal of the Burrville Elementary School. (Complaint ¶¶ 11-16.) Plaintiff filed a complaint with the U.S. Equal Employment Opportunity Commission ("EEOC"). Plaintiff alleges that the EEOC issued her a right to sue letter on or about May 27, 2005, in which the EEOC stated that it was unable to conclude that the information obtained established a violation of the statute. (Complaint ¶ 7.) Plaintiff filed her Complaint in this lawsuit on August 24, 2005.

B.   **ARGUMENT**

1.   **Plaintiff's Title VII Claim against Defendants Janey, Talbert and Rutledge Must Be Dismissed because Individuals Are Not Liable under Title VII.**

The Court should dismiss plaintiff's Title VII claim against all of the defendants because Title VII does not authorize suit against individual employees. The clear majority of the Courts of Appeals that have considered this question have held that individual employees cannot be held liable under Title VII. This Circuit has stated: "The issue before the court is whether individual supervisors can be personally liable for acts of discrimination taken during the course of his or her employment. Title VII specifically prohibits acts of discrimination by an 'employer,' and makes a clear distinction between 'persons' and 'employers.' 42 U.S.C. § 2000e-2(a)." *Russ v. Van Scoyoc Assocs.*, 59 F. Supp. 2d 20, 24 (D.D.C. 1999). In *Martini v. Fannie Mae*, 977 F. Supp. 482, 484 (D.D.C. 1997), the court granted Defendants' Motion to Dismiss Plaintiff's Title VII claims against Defendants Knight and Kobayashi because neither individual could be held individually liable under Title VII. "Any relief granted under Title VII is against the employer, not against individual employees, even if it is their conduct that constituted a violation of Title VII." *Hogue v. Roach,* 967 F. Supp. 7 (D.D.C. 1997).

See also *Wallace v. Skadden, Arps, Slate, Meagher, Flom*, 715 A.2d 873, 889 (D.C. App. 1998) in which it was held that an employer is defined in Title VII as "a person engaged in an industry affecting commerce who has fifteen or more employees . . . and any agent of such a person . . ." 42 U.S.C. § 2000e (b) (emphasis added). The court continued further, "First, Title VII's definition of 'employer,' ... does not contain the phrase 'any person acting in the interest of such employer, directly or indirectly.'" See *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991) (holding that "relief granted under Title VII is against the employer, not individual

4

employees whose actions constituted a violation of [Title VII]." Therefore, plaintiff's Title VII claims against defendants Janey, Talbert and Rutledge should be dismissed.

**2.      All of the Defendants Should Be Dismissed Because They Were Not Personally Served As Required by Fed. R. Civ. P. 4 (e).**

Plaintiff has failed to comply with Fed. R. Civ. P. 4 (e). Rule 4(e) provides –

> (e) Service upon Individuals within a Judicial District of the United States. Unless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed, other than an infant or an incompetent person, may be effected in any judicial district of the United States:
> (1) pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State; or
> (2) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing thereinor by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

Plaintiff served copies of the Complaint and Summons for all three individuals on the D.C. Public School's ("DCPS'") Office of the General Counsel, which forwarded copies to the Office of the Superintendent and to Burrville Elementary School. However, the individually named defendants have not authorized the DCPS Office of the General Counsel to accept service on their behalf. Such actions ignored the requirements of Fed. R. Civ. P. 4 (e). As defendants Janey, Talbert and Rutledge were not personally served with the Complaint and Summons pursuant to Rule 4, these defendants should be dismissed.

WHEREFORE, Defendants respectfully request that the Complaint against them be dismissed with prejudice.

                              Respectfully submitted,

>ROBERT J. SPAGNOLETTI
>Attorney General for the District of Columbia
>
>GEORGE C. VALENTINE
>Deputy Attorney General
>Civil Litigation Division
>
>_____/s/_____
>NICOLE L. LYNCH [D.C. Bar #471953]
>Section Chief, Civil Division, Section II
>
>_____/s/_____
>URENTHEA McQUINN [D.C. Bar #182253]
>Assistant Attorney General
>441 4th Street, N.W.
>Sixth Floor South
>Washington, D.C.  20001
>(202) 724-6646
>(202) 727-0431 (FAX)
>urenthea.mcquinn@dc.gov

December 14, 2005