UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

'JUL 7 - 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

```
                                    )
ESTELLE BOWERS                      )
                                    )
        Plaintiff,                  )
                                    )
        v.                          )     Civ. Action No. 1:05CV01683 (RJL)
                                    )
CLIFFORD JANEY, et al.,             )
                                    )
        Defendants.                 )
                                    )
```

## MEMORANDUM OPINION
(July 6 , 2006)[#4]

*Pro se* plaintiff, Estelle Bowers, brought this action for sex-based employment

discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title

VII") and the District of Columbia Human Rights Act ("DCHRA") against defendants,

Clifford B. Janey, the superintendent of the District of Columbia Public Schools ("DCPS"),

Dale Talbert, the assistant superintendent, and Donnie Rutledge, the principal of Burville

Elementary School where plaintiff works.[1] Currently before this Court is defendants' Motion

to Dismiss. Upon consideration of the pleadings and the entire record herein, the Court

GRANTS defendants' Motion to Dismiss.

---

[1]     In light of the liberal pleading requirements of complaints (*see Schuler v. U.S.*, 617 F.2d
605, 608 (D.C. Cir. 1979) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1956)) and for *pro se* litigants
in particular (*see Toolasprashad v. Bureau of Prisons*, 286 F.3d 576, 583 (D.C. Cir. 2002)), the Court
will assume plaintiff's allegations of "United States Code" violation refers to Title VII of 42 U.S.C. §
2000e *et seq.*

## BACKGROUND

Plaintiff has taught students in grades one through six at Burville Elementary School in the District of Columbia since December 1988. (Compl. ¶¶ 9-10.) She began as a substitute teacher and, in 1989, was promoted to full-time teacher. (Compl. ¶ 9.) Defendant Rutledge is currently the principal of Burville Elementary, but prior to September 2003 was another teacher at the school with plaintiff. (Compl. ¶¶ 11-12.) Plaintiff alleges that from 1989 until 2001, when the DCPS disciplined him for sexual misconduct, defendant Rutledge made numerous unwanted sexual advances and stalked plaintiff and other women despite plaintiff telling him his behavior was inappropriate and illegal. (Compl. ¶ 11.) While the discrimination initially stopped after this discipline, plaintiff alleges it began again in 2003 when defendant Rutledge became principal of Burville Elementary, and she alleges the discrimination continues to the present day. (Compl. ¶ 13.) Plaintiff allegedly filed a grievance[2] against defendant Rutledge shortly after he became principal, claiming that he acted in conflict with the "union contract" through his interference with lesson plans, treatment of teachers, working hours and other actions, but alleges that without notice to her, the scheduled grievance hearing was cancelled. (Compl. ¶ 14.) Plaintiff also alleges that as a result of this grievance, defendant Rutledge singled plaintiff out and verbally abused and harassed her, threatened her, exposed her to "fits of anger" and unnecessary supervision, refused to discipline threatening, disruptive and violent students in her classroom, searched

---

[2]    Plaintiff's Complaint does not specify with whom she filed the grievance.

her desk, established rules that applied to plaintiff only, failed to pay plaintiff for her additional work and denied her promotions and reassignments. (Compl. ¶¶ 14-15.) Plaintiff claims that other less qualified teachers were, however, promoted or assigned to positions that plaintiff requested. (Compl. ¶ 16.) Plaintiff states that she filed a sexual discrimination and retaliation complaint in October 2003 against "the Defendant" (her current Complaint does not specify who that "Defendant" was) with the United States Equal Employment Opportunity Commission ("EEOC"). (Compl. ¶ 6.) On May 27, 2005, the EEOC dismissed her complaint, causing her to pursue her claims in this Court. (Compl. ¶ 7, Ex. A.)

## DISCUSSION

Defendants first move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. A district court should grant a defendant's 12(b)(6) motion to dismiss when it is clear that no relief could result under any facts consistent with the complaint's allegations. *Conley v. Gibson*, 355 U.S. 41, 45-47 (1957); *EEOC v. St. Francis Xavier Parochial School*, 117 F.3d 621, 624 (D.C. Cir. 1997). Thus, in evaluating defendant's motion, the Court will assume the truth of all of the factual allegations set forth in plaintiff's Complaint. *Doe v. U.S. Dep't of Justice*, 753 F.2d 1092, 1102 (D.C. Cir. 1985). The Court will also construe the Complaint liberally in favor of the plaintiff. *Schuler*, 617 F.2d at 608.

It should be noted that courts will hold *pro se* litigants to a less stringent standard in recognition of the hardships they face when pleading without the assistance of counsel. *See*

3

*Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987); *see also Toolasprashad*, 286 F.3d at 583 (construing litigants' pleadings liberally as a result of their *pro se* status).

## I.   Title VII Claims

Defendants contend that Title VII bars lawsuits against individual employees. (Defs.' Mot. Dismiss 4.)  Our Circuit has held that a plaintiff may sue an individual under Title VII, but only in the individual's official capacity rather than his or her individual capacity. *See Gary v. Long*, 59 F.3d 1391, 1399 (D.C. Cir. 1995).  That said, an individual whom a plaintiff has sued in his or her official capacity "must be viewed as being sued in his capacity as the agent of the employer, who is alone liable for a violation of Title VII." *Id.*  Thus, an individual defendant in a Title VII claim is really only a "nominal defendant," as the plaintiff may only obtain relief from the employer. *See Taylor v. Gearan*, 979 F. Supp. 1, 6 (D.D.C. 1997).  In many Title VII cases with individual defendants, then, the claims against the individuals merge with the claims against the employer. *See, e.g., Cooke-Seals v. District of Columbia*, 973 F. Supp. 184, 187 (D.D.C. 1997).  For this reason, our Circuit has dismissed suits against individual employees in their official capacities. *See, e.g., id.* ("Because an official capacity suit against an individual is the functional equivalent of a suit against an employer, plaintiff's claims against the officers are redundant and an inefficient use of judicial resources.").

Plaintiff's Complaint references the "defendant" (singular) as an "agency" and defines it as the DCPS. (Compl. ¶¶ 4-5.)  Yet in actuality, plaintiff sued three individual employees

4

of the DCPS, not the DCPS itself. (Compl. 1.) Doing so raises certain problems in our

Circuit. The first problem is that plaintiff failed to designate the capacity in which she has

sued the individuals (individually or officially). However, considering the liberal pleading

requirements for *pro se* litigants, this Court will, for the purposes of this decision, assume

that plaintiff has sued the defendants in both their individual and official capacities. *See*

*Toolasprashad*, 286 F.3d at 583. The second problem is that the individuals named in the

Complaint are the only defendants in the action. Thus, by failing to sue the appropriate

defendant under Title VII provisions (i.e. the District of Columbia); she has failed to sue her

employer.[3] See *Gary*, 59 F.3d at 1399; *see also Taylor*, 979 F. Supp. at 6. Therefore, her

suits against the individual defendants in their individual and official capacities must be

dismissed. *See Cooke-Seals*, 973 F. Supp. at 187. Accordingly, Counts I - IV, as they are

alleged under Title VII, are hereby dismissed.

## II.    Plaintiff's DCHRA Claims

Plaintiff also alleges that defendants violated certain provisions of the DCHRA.[4] *See*

D.C. Code § 2-1401.01 *et seq.* (2001). While the DCHRA and Title VII are fairly similar,

plaintiffs may sue individual defendants in their individual capacities under the DCHRA,

unlike Title VII lawsuits. *See Wallace v. Skadden, Arps, Slate, Meagher & Flom*, 715 A.2d

---

[3]     The employer in this situation would be the District of Columbia rather than the DCPS, as case
law has indicated that the DCPS "is not a suable entity." *See Winder v. Erste*, No. 03-2623, 2005 WL
736639, at *4 (D.D.C. Mar. 31, 2005); *Tschanneral v. D.C. Bd. of Educ.*, 594 F. Supp. 407, 408 (D.D.C.
1984).

[4]     Plaintiff alleges in Counts II, III and IV that defendants violated her rights through quid
pro quo sexual harassment, creation of a hostile work environment and retaliation.

873, 887-89 (D.C. 1998) (explaining the differences between Title VII's and the DCHRA's statutory definitions of "employer"); *see also Lance v. United Mine Workers of Am. 1974 Pension Trust*, 400 F. Supp. 2d 29, 31-32 (D.D.C. 2005); *MacIntosh v. Building Owners & Managers Assn. Int'l*, 355 F. Supp. 2d 223, 227-28 (D.D.C. 2005). However, in this situation the Court must dismiss plaintiff's DCHRA claim in accordance with 28 U.S.C. 1367(c)(3) (2000).

A federal district court *may* exercise supplemental jurisdiction over a plaintiff's state law claims if they are "so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy. . ." 28 U.S.C. § 1367(a) (2000). The decision to exercise supplemental jurisdiction however is discretionary. *Shekoyan v. Sibley Int'l*, 409 F.3d 414, 423 (D.C. Cir. 2005) (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966)). When evaluating the factors to be considered in deciding whether or not to decline the exercise of supplemental jurisdiction, judicial economy, convenience, fairness and comity are relevant. *Edmonson & Gallagher*, 48 F.3d 1260, 1266 (D.C. Cir. 1995) (noting that judicial economy and convenience at the motion to dismiss stage do not favor the federal court exercising supplemental jurisdiction over remaining state law claims following dismissal of the federal claims).

In this case, the Court's original jurisdiction is over plaintiff's Title VII claims and plaintiff has implicitly requested that the Court exercise supplemental jurisdiction over her DCHRA claims. Considering that the Court has dismissed plaintiff's Title VII claims, this

Court would be left with purely state law issues. At this early stage of the lawsuit, preventing those claims from continuing is a more efficient discharge of judicial resources. *See Edmonson & Gallagher*, 48 F.3d at 1266. Accordingly, plaintiffs DCHRA claims are dismissed without prejudice pursuant to U.S.C. § 1367(c)(3).

### III.    Service of Process

Finally, defendants also move to dismiss pursuant to Federal Rule of Civil Procedure Rule 12(b)(5) for improper service. A court will grant a 12(b)(5) motion to dismiss if a defendant did not receive sufficient service of process. *See Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945). The plaintiff, moreover, carries the burden of establishing that she has properly effected service pursuant to Federal Rule of Civil Procedure 4(e). *Light v. Wolf*, 816 F.2d 746, 751 (D.C. Cir. 1987). Rule 4(e) of the Federal Rules of Civil Procedure provides that a plaintiff may only serve either the individual defendant personally, an appropriate individual residing at the defendant's dwelling, house or abode, or an agent of the defendant authorized either by law or by appointment to receive service of process. Fed. R. Civ. P. 4(e)(2); *see United States ex rel. Rockefeller v. Westinghouse Elec. Co.*, 274 F. Supp. 2d 10, 12 n.1 (D.D.C. 2003) (observing that defendant's attorney was not a proper agent for service of process). District of Columbia Superior Court Civil Rules provide for service upon the District of Columbia or an officer or agency of the District of Columbia by delivery or certified mailing to the Mayor of the District of Columbia (or designee) and the Corporation Counsel of the District of Columbia (or designee), who will then designate an employee for

7

receipt of service of process. *See* D.C. Super. Ct. Civ. R. 4(j); *Murray v. District of Columbia*, 870 A.2d 25, 26 (D.C. 2005); *see also Byrd v. District of Columbia*, 230 F.R.D. 56, 58 (D.D.C. 2005) ("service of process under District of Columbia law has been held to be valid only if the mail is signed for by an employee who is designated to receive service of process.").

Defendants claim that plaintiff served copies of the Complaint and Summons on the DCPS's Office of the General Counsel. (Defs.' Mot. Dismiss 5.) Plaintiff has also mailed copies of the Summons and Complaint to Donnie Rutledge and Clifford Janey. (Rutledge Aff. Service Oct. 1, 2005; Janey Aff. Service Dec. 21, 2005.) Even assuming, as this Court does, that plaintiff has sued defendants in their individual and official capacities, plaintiff failed to adhere to proper service requirements under either Federal or District of Columbia Rules when she served the DCPS's Office of the General Counsel, and only mailed copies of the Summons and Complaint to Rutledge and Janey. For this additional reason, the Court grants the defendants' Motion to Dismiss pursuant to Rule 12(b)(5).

## CONCLUSION

For the foregoing reasons, this Court GRANTS defendants' Motion to Dismiss without prejudice. An appropriate order will issue with this Memorandum Opinion.

RICHARD J. LEON
United States District Judge

8